The Honorable Allen Gordon State Senator Box 558 Morrilton, AR 72110-0558
Dear Senator Gordon:
You have requested an Attorney General opinion concerning the retirement benefits of certain city employees who have also served as volunteer firemen.
You state that your questions arise out of the following fact situation: Three people were long-time employees of the city's Water and Sewer Commission. You state that the Water and Sewer Commission was abolished, effective February, 2000, and these three people are now employees of the city. They have also been members of the volunteer fire department, and are eligible to receive retirement from the city's Fireman's Relief and Pension Fund. One of the three employees has retired as a fireman and is currently receiving retirement benefits from the city's Fireman's Relief and Pension Fund, but is still employed with the city as Water Superintendent. The other two employees have more than 20 years of service as volunteer firemen and are presently eligible to retire under the city's Fireman's Relief and Pension Fund, but intend to wait to retire until they have 25 years of service as firemen. The city established its own retirement system for city employees in 1992 and does not participate in the Arkansas Public Employees' Retirement System. The city's funding mechanisms for the two retirement systems (i.e., the system for firemen and the system for city employees) are separate and distinct from one another. That is, the two retirement systems are funded from different sources.
In light of the foregoing fact situation, you have asked:
 (1) Are the three volunteer firemen considered employees of the city for purposes of collection of retirement benefits under A.C.A. § 14-42-117?
 (2) Do the words in the statute "same period of service" contemplate service by a city employee during the employee's established working hours each day only or does it include also work performed by a city employee as a volunteer fireman for the city?
 (3) If the answer to Question 1 is "yes," is the volunteer fireman who retired in 1990 forbidden from drawing both retirement benefits as a volunteer fireman and future retirement benefits upon retirement as a city employee from the city's retirement system?
 (4) If the answer to Question 1 is "yes," since the remaining two firemen had over 20 years of service as firemen before the city's current retirement system was adopted, is it permissible for the two firemen to retire at an effective date before the city's retirement system went into effect and later retire from the city as city employees and draw both benefits since the periods of service would not have overlapped?
Response
Question 1 — Are the three volunteer firemen considered employees of thecity for purposes of collection of retirement benefits under A.C.A. §14-42-117?
It is my opinion that the provisions of A.C.A. § 14-42-117 were not intended to apply to persons who hold two different jobs with the city. I interpret A.C.A. § 14-42-117 to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in the same job during the same period of time. I do not interpret this statute to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in two different jobs that were held during the same time period.
A.C.A. § 14-42-117 states:
 Notwithstanding any other law to the contrary, any employee of a first-class city, second-class city, or incorporated town, and any elected official of a first-class city, second-class city, or incorporated town who is entitled by an act of the General Assembly to retirement benefits for service as such employee or elected official and who also participates in another retirement plan established by the city for the same period of service shall be entitled to only one (1) retirement benefit for the same period of service to the municipality, provided that no elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly, and the employee or elected official may choose whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.
A.C.A. § 14-42-117.
The purpose of A.C.A. § 14-42-117 appears to have been to prevent "double-dipping" by city employees. The concept of "double-dipping" envisions two payments for one service. This concept has no application to a situation in which a person receives two payments for two different jobs.
My conclusion regarding this matter is bolstered by the fact that the two retirement systems in question have always been funded separately by separate funding mechanisms, including (at times) contributions made by the employees.
Accordingly, I conclude that the provisions of A.C.A. § 14-42-117 do not apply to the volunteer firemen about whom you have inquired. They are permitted, in my opinion, to receive retirement benefits from both the city's Fireman's Relief and Pension Fund and from the retirement system for other city employees.
Question 2 — Do the words in the statute "same period of service"contemplate service by a city employee during the employee's establishedworking hours each day only or does it include also work performed by acity employee as a volunteer fireman for the city?
Although the language of A.C.A. § 14-42-117 does not expressly address the question you have raised, it is my opinion that the words "same period of service" cannot be interpreted to apply on an hourly basis. However, as indicated in response to Question 1, it is my opinion that the phrase "same period of service" applies to service in one job. As explained, I believe that this statute was not intended to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in two different jobs — even if the service in those two jobs was rendered during the same time period.
Question 3 — If the answer to Question 1 is "yes," is the volunteerfireman who retired in 1990 forbidden from drawing both retirementbenefits as a volunteer fireman and future retirement benefits uponretirement as a city employee from the city's retirement system?
Because I have opined that the provisions of A.C.A. § 14-42-117 do not apply to the volunteer firemen about whom you have inquired, this question is moot.
Question 4 — If the answer to Question 1 is "yes," since the remainingtwo firemen had over 20 years of service as firemen before the city'scurrent retirement system was adopted, is it permissible for the twofiremen to retire at an effective date before the city's retirementsystem went into effect and later retire from the city as city employeesand draw both benefits since the periods of service would not haveoverlapped?
Because I have opined that the provisions of A.C.A. § 14-42-117 do not apply to the volunteer firemen about whom you have inquired, this question is moot.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh